In the Matter of SIGMA-4 EXPRESS, INC., Debtor.

MARINE BANK, Plaintiff,

v.

SIGMA-4 EXPRESS, INC. and James K. McNamara, Esq., Trustee, Defendants.

Bankruptcy No. 81-00717.
Adv. No. 81-0550.

United States Bankruptcy Court, W.D. Pennsylvania.

Jan. 24, 1983.

Vedder J. White and McClure, Dart, Miller, Kelleher & White, Erie, Pa., for plaintiff.

James K. McNamara, Erie, Pa., pro se.

## MEMORANDUM AND ORDER

WILLIAM B. WASHABAUGH, Jr., Bankruptcy Judge:

The Marine Bank filed a Complaint for relief from stay and return of security in connection with its security interest duly perfected against accounts receivable of the within debtor. The Complaint was granted after hearing and argument in respect to right of the bank to collect the uncollected accounts receivable constituting identifiable noncash proceeds under 13 Pa.C.S. 9306(a), but the questions were reserved in respect to the disposition of the monies held in escrow by the trustee from collections of accounts receivable which had been deposited and commingled in a bank account with funds received by the debtor from other sources before the bankruptcy filing and collections solely from accounts receivable deposited subsequent thereto.

The bank had little success in collecting the accounts receivable turned over to it in kind, and it is agreed that there will be no further receipts from this source to apply on the balance of its secured claim. The unpaid balance on said claim is $18,904.64, $14,882.57 from accounts receivable collections and other funds were deposited in the debtor's bank account in the ten-day period prior to the bankruptcy filing referred to in Section 9306(d)(4)(ii) of the Pennsylvania Uniform Commercial Code, and $12,963.47 wholly from accounts receivable collections was deposited therein after the bankruptcy filing date. The balance of the plaintiff's claim is $4,022.06 after crediting thereto the deposits of commingled funds of $14,882.57 in the ten-day period before the bankruptcy filing which the parties agree and the Court finds are awardable to the bank under said provisions of the Uniform Commercial Code, and the only remaining question is the disposition to be made of the post-petition deposits of $12,963.04.

Section 9306(d) of the Pennsylvania Uniform Commercial Code provides the following:

"(d) Effect of insolvency proceedings. —In the event of insolvency proceedings instituted by or against a debtor, a secured party with a perfected security interest in proceeds has a perfected security interest:

.    .    .    .    .

"(4) in all cash and bank accounts of the debtor, if other cash proceeds have been commingled or deposited in a bank

**6**

account, but the perfected security interest under this paragraph (4) is:

. . . . .

"(ii) limited to an amount not greater than the amount of any cash proceeds received by the debtor within ten days before the institution of the insolvency proceedings and commingled or deposited in a bank account prior to the insolvency proceedings . . ."

It is not necessary to decide whether the right of a secured party to all commingled cash received by the debtor within ten days prior to a bankruptcy filing is exclusive of its rights in post-petition deposits traceable to accounts receivable receipts as stated in Note 14 to *Howarth v. C.I.T. Credit Corp.*, 203 F.Supp. 279, 283 (W.D.Pa.1962) see also *In re Gibson,* 6 UCC Rep 1193 (Bkrtcy.W.D. Okl., 1969, Kline, J.) because Section 552(b) of the Bankruptcy Reform Act, 11 U.S.C. 552(b) provides that security interests shall extend to proceeds of collateral

"(b) acquired by the estate after the commencement of the case to the extent provided by (the) security agreement and by applicable nonbankruptcy law, except to the extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise."

The balance due the bank after reducing its claim by the amount of the pre-bankruptcy deposits of $14,882.57 to which it is indisputably entitled is $4,022.06, and the post-bankruptcy deposits of $12,963.04 consist wholly of collections of pledged accounts receivable. It follows that the equities predominantly require that the plaintiff be reimbursed its unpaid balance of $4,022.06 from the post-bankruptcy deposits of funds derived from collections of accounts receivable and that the balance of said funds are assets of the bankruptcy estate.

IT IS ORDERED that the Trustee shall pay the Marine Bank the full amount of the $14,882.57 cash deposited in the debtor's bank account within ten days prior to the filing of the within bankruptcy case together with interest earnings applicable thereto during periods in which it was deposited in an interest bearing account subsequent to

the date of the hearing at which it was agreed the plaintiff was entitled to said funds; that the trustee shall pay said bank the additional sum of $4,022.06 from the debtor's post-petition collections of $12,-963.04 accounts receivable it deposited in its bank account containing the commingled funds after the bankruptcy filing and that the balance of said funds shall be retained by the trustee as property of the estate.